UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALTY ADAMSON,

                     Plaintiff,

        -against-

THE CITY OF NEW YORK, DETECTIVE
MILLER, LIEUTENANT DANIEL DIVERS, and
DETECTIVE THOMAS FRANKLIN,

                     Defendants.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**10-CV-2300 (NGG) (LB)**

NICHOLAS G. GARAUFIS, United States District Judge.

On October 12, 2018, this court granted in part the motion for summary judgment by Defendants Detective Miller, Lieutenant Daniel Divers, and Detective Thomas Franklin (together, the "Individual Defendants") and the City of New York (the "City"), dismissing all of pro se Plaintiff Alty Adamson's claims except for his claim of municipal liability under 42 U.S.C. § 1983 against the City. (Oct. 12, 2018, Mem. & Order ("M&O") (Dkt. 123).) The court ordered supplemental briefing on the question of municipal liability, stating that Defendants' arguments on this point had been too "cursory" for the court to given them full review. (Id. at 17-18.) The supplemental briefing on the motion for summary judgment as to Plaintiff's claim of municipal liability is now complete. (See City Mem. in Supp. of Summ. J. ("City Suppl. Br.") (Dkt. 126); Pl. Mem. in Opp'n to Summ. J. ("Pl. Suppl. Br.") (Dkt. 132).) In addition, Plaintiff has moved for reconsideration of the court's dismissal of his other claims. (See Pl. Mot. for Recons. ("Pl. Recons. Mot.") (Dkt. 127).) That motion is also fully briefed. (See id.; Defs. Opp'n to Recons. Mot. ("Defs. Recons. Opp'n") (Dkt. 135); Pl. Resp. to Def. Recons. Opp'n ("Pl. Recons. Reply") (Dkt. 139 at ECF p.1).)

1

For the following reasons, the City's motion for summary judgment as to Plaintiff's claim of municipal liability is GRANTED and Plaintiff's motion for reconsideration is DENIED.

I.  **MUNICIPAL LIABILITY**

As the court previously noted, Plaintiff's amended complaint, although it names the City as a defendant, does not contain any factual allegations as to the City's municipal liability. (See M&O at 17.) Nevertheless, the court ordered supplemental briefing on this point because Defendants' arguments in support of summary judgment were framed in terms of the City's liability under Monell v. Department of Social Services, 436 U.S. 658 (1978), while Plaintiff's briefing seemed to suggest that he sought to claim municipal liability under a separate legal theory. (See M&O at 17-18.) The City now admits that Plaintiff asserts a claim of municipal liability not under Monell but rather under New York law of negligence. (See City Suppl. Br. at 1.) With the benefit of supplemental briefing, the court grants the City's motion for partial summary judgment.

A.  **Failure to Plead**

Plaintiff's amended complaint, although it names the City as a defendant, does not contain any factual allegations as to the City itself. (See M&O at 17.) "It is well-settled that 'it is inappropriate to raise new claims for the first time in submissions in opposition to summary judgment.'" Cummings v. City of New York, 302 F. Supp. 3d 511, 528 n.16 (S.D.N.Y. 2017) (quoting Beckman v. U.S. Postal Serv., 79 F. Supp. 2d 394, 407 (S.D.N.Y. 2000)). When the plaintiff is proceeding pro se, however, the court may "consider new claims appearing for the first time in briefing if the claims could have been asserted based on the facts alleged in the complaint." Davila v. Lang, — F. Supp. 3d —, 2018 WL 5282896, at *4 (S.D.N.Y. Oct. 23, 2018) (citation and internal quotation marks omitted).

As discussed below, Plaintiff's negligence claim seems to overlap in large part with his claims that the Individual Defendants used excessive force against him and that they were deliberately indifferent to his medical needs. The facts that form the basis of these claims are in the amended complaint. (See Am. Compl. (Dkt. 11) at ECF pp.4-5.) In addition, the amended complaint names the City as a defendant. (Id. at ECF p.1.) Even if Plaintiff's amended complaint does not specifically mention his intention to hold the City liable for his allegations against the Individual Defendants, the court finds that this claim could have been asserted based on the facts alleged.

### B. Substance of Plaintiff's Municipal Liability Claims

The court holds that Plaintiff timely filed his notice of claim pursuant to Section 50-e of the New York General Municipal Law ("GML") but that summary judgment must be granted to the City due to Plaintiff's failure to establish the prima facie elements of his negligence cause of action.

#### 1. Notice of Claim

The City first argues that the court must dismiss Plaintiff's claim because Plaintiff failed to follow the GML. Under New York law, a plaintiff bringing a state-law tort action against a municipality must file a notice of claim within ninety days of the claim's accrual. GML § 50-e(1)(a). "In addition, the plaintiff must plead in [his] complaint that: (1) [he] has served the notice of claim; (2) at least thirty days have elapsed since the notice was filed and before the complaint was filed; and (3) in that time the defendant has neglected to or refused to adjust or to satisfy the claim." Arum v. Miller, 304 F. Supp. 2d 344, 348 (E.D.N.Y. Feb. 8, 2003) (citing GML § 50-i). Under GML § 50-e, a plaintiff must serve his notice of claim personally or through registered or certified mail. GML § 50-e(3)(a); accord Krieger v. City of New York,

461 N.Y.S.2d 171, 172 (Sup. Ct. Queens Cty. 1983). These requirements apply to state tort claims brought in federal court. See Fincher v. County of Westchester, 979 F. Supp. 989, 1002 (S.D.N.Y. 1997).

While "the strict enforcement of GML § 50-e can result in inequitable results," Resnick v. N.Y.C. Health & Hosps. Corp., 612 N.Y.S.2d 315, 316 (Civ. Ct. Richmond Cty. 1994), courts do not hesitate to apply the notice-of-claim requirements to pro se litigants, see Snyder v. Town of Potsdam, No. 16-CV-1462, 2018 WL 6267922, at *19 (N.D.N.Y. Nov. 30, 2018); Purcell v. N.Y. Police Dep't, No. 17-CV-5673 (PKC), 2017 WL 4792236, at *2-3 (E.D.N.Y. Oct. 23, 2017); Miranda v. State, 978 N.Y.S.2d 463, 464 (App. Div. 2014); Funt v. Human Res. Admin., 890 N.Y.S.2d 55, 56 (App. Div. 2009). A pro se party may be said to have sufficiently complied with the notice-of-claim requirements, however, if he makes a credible allegation that he timely filed a notice of claim. See Toliver v. City of New York, No. 10-CV-3165 (PAC) (JCF), 2012 WL 7782720, at *8 (S.D.N.Y. Dec. 10, 2012), R&R adopted, 2013 WL 1155293 (S.D.N.Y. Mar. 21, 2013).

Plaintiff asserts in his supplemental brief that he executed a proper notice of claim against the City and served it on the Office of the City Comptroller within the 90-day time limit. (Pl. Suppl. Br. at 2.) The notice of claim was attached to Plaintiff's original opposition to the motion for summary judgment. (See Notice of Claim (Dkt. 119-3).) The notice of claim is notarized and dated June 11, 2010. (Id. at 1-2.) Additionally, Plaintiff swears in a notarized affidavit that he served the notice of claim on the Office of the City Comptroller by placing it in the mail on June 15, 2010. (Id. at 3.) Plaintiff states that he served his notice of claim "in a prepaid envelope" but does not state whether it was mailed through certified or registered mail. (See id.) The City, meanwhile, states that "a review of the relevant databases" has failed to turn up

Plaintiff's notice of claim and that the notice of claim is defective because it "has no indication that it was received by the Comptroller's Office." (City Suppl. Br. at 3.)

The court finds that Plaintiff has sufficiently complied with GML § 50-e. His affidavit is notarized and attests to the fact that he served the notice of claim on the City. While it is unclear if he did so by certified mail, the court believes it would be unjust to dismiss Plaintiff's claim for failure to use the correct method of mail, particularly because Plaintiff was, at the time of service, incarcerated. Cf. Black v. Ranley, No. 17-CV-9026 (KPF), 2018 WL 2766138, at *11 (S.D.N.Y. June 8, 2018). Plaintiff's submitted notice of claim and statement in his supplemental brief that he timely served the notice of claim suffice to meet the GML § 50-e requirements.

2. Merits

To establish a prima facie case of negligence under New York law, a plaintiff must show (1) that the defendant owed the plaintiff a duty of care, (2) that the defendant breached that duty, and (3) that the plaintiff suffered harm substantially caused by the defendant's breach. Pasternack v. Lab. Corp. of Am. Holdings, 807 F.3d 14, 19 (2d Cir. 2015). When a claim of negligence under New York law is asserted against a municipality, "the threshold inquiry is 'whether the municipal entity was engaged in a proprietary function or acted in a governmental capacity at the time the claim arose.'" Velez v. City of New York, 730 F.3d 128, 134 (2d Cir. 2013) (quoting Applewhite v. Accuhealth, Inc., 995 N.E.2d 131, 134 (N.Y. 2013)). A municipality engages in a government function "when its acts are 'undertaken for the protection and safety of the public pursuant to the general police powers.'" Id. at 134-35 (quoting Sebastian v. State, 720 N.E.2d 878, 879 (N.Y. 1999)). Actions undertaken by a municipality in the course of running a jail are "prototypically governmental in nature." Case v. Anderson, No. 16-CV-983 (NSR), 2017 WL 3701863, at *22 (S.D.N.Y. Aug. 25, 2017).

5

Where a municipality acts in a governmental capacity, "a plaintiff may not recover without proving that the municipality owed a 'special duty' to the injured party." Velez, 730 F.3d at 135. "The core principle is that 'to sustain liability against a municipality, the duty breached must be more than that owed the public generally.'" Id. (quoting Valdez v. City of New York, 960 N.E.2d 356, 361 (N.Y. 2011)). To establish a special relationship beyond the duty that is owed to the public generally, the plaintiff bears the burden of establishing that the following four elements are present:

> (1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking.

Id. (quoting Applewhite, 995 N.E.2d at 138). Even if the plaintiff establishes the four special-relationship elements, his negligence claim may only proceed against the municipality if the governmental actions in question were "ministerial," rather than "discretionary." Case, 2017 WL 3701863, at *23 (citing Valdez, 960 N.E.2d at 361-62, 364).

Plaintiff's negligence claim against the City seems to be made up of two distinct components: first, a restatement of his dismissed claims that the Individual Defendants used excessive force on him and that they were deliberately indifferent to his medical needs; and second, an assertion that the Individual Defendants "showed a reckless disregard for the court order to keep plaintiff safe from harm" when they "kept [Plaintiff] in pain for four hours until his return to Nassau County Corrections." (Pl. Suppl. Mem. at 6-7.) As to the former, the court has already concluded that Plaintiff cannot succeed on these claims (see M&O at 8-13), so it necessarily follows that he cannot bring a separate negligence action asserting these harms. As to the latter, Plaintiff has not provided any evidence showing how he was harmed by the four-

hour wait before being returned to the Nassau County Correctional Facility.[1] Accordingly, regardless of any affirmative duty the City may have owed Plaintiff as a detainee within its control, cf., Cash v. County of Erie, 654 F.3d 324, 335 (2d Cir. 2011); Case, 2017 WL 3471863, at *23, the court must dismiss Plaintiff's negligence claim against the City.[2]

## II. RECONSIDERATION

Plaintiff also moves the court to reconsider the remainder of its decision granting Defendants' motion for summary judgment. (Pl. Recons. Mot.) Plaintiff first argues that the court improperly "reject[ed]" and "ignored" various facts that support his allegation of excessive force. (Id. at 4-7.) Plaintiff next argues that he received serious physical injuries, something which would support his dismissed claims of deliberate indifference. (Id. at 7-8.) Finally, Plaintiff argues that the court did not construe Plaintiff's evidence in a favorable enough light. (Id. at 9-10.) For the following reasons, the court DENIES Plaintiff's motion for reconsideration.

### A. Legal Standard

Local Civil Rule 6.3 provides that, within 14 days of the entry of an order, a party may move for reconsideration by filing a notice of motion and memorandum identifying "the matters or controlling decisions which counsel believes the Court has overlooked." Reconsideration of a

---

[1] In addition, if the court were to construe Plaintiff's negligence claim as seeking to hold the City liable for harm that transpired while Plaintiff was waiting to be returned to the Nassau County Correctional Facility, this claim is not properly before the court because Plaintiff did not make any such allegations in his amended complaint. (See Am. Compl. at ECF pp.4-5 (claiming harm from injuries supposedly sustained during the lineup).)

[2] The court also rejects Plaintiff's argument that summary judgment should not be granted on this matter until Judge Bloom has had a chance to review the case. (Pl. Suppl. Br. at 1-2.) Plaintiff may believe that it makes sense "that only the judge who has been intimately involved with a case can make an implied ruling based on the facts and circumstances that have been brought to their attention and ruled upon" (id. at 1), but that is not the law. Judge Bloom has done a superlative job handling discovery and other pretrial non-dispositive matters in this case, but a magistrate judge may only decide dispositive motions on consent of the parties. See 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 73(a). Because the parties did not consent to trial before Judge Bloom, the undersigned is responsible for deciding Defendants' motion for summary judgment.

previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." NEM Re Receivables, LLC v. Fortress Re, Inc., 187 F. Supp. 3d 390, 395 (S.D.N.Y. 2016) (quoting In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).

The primary grounds justifying reconsideration are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013). A request for reconsideration under Local Rule 6.3 must point to controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked, and that might reasonably be expected to alter the conclusion reached by the court. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); Anwar v. Fairfield Greenwich Ltd., 164 F. Supp. 3d 558, 560 (S.D.N.Y. 2016). Local Rule 6.3 must be narrowly construed and strictly applied so as to "avoid duplicative rulings on previously considered issues" and to prevent the rule from being used to advance theories not previously argued or "as a substitute for appealing a final judgment." Merced Irrigation Dist. v. Barclays Bank PLC, 178 F. Supp. 3d 181, 183 (S.D.N.Y. 2016) (quoting Montanile v. Nat'l Broad. Co., 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002)).

**B.     Discussion**

As an initial matter, Defendants are correct that Plaintiff's motion for reconsideration fails because it does not point to any controlling law or factual matter that the court overlooked in its prior decision. (See Defs. Recons. Mem. at 3-5.) Plaintiff claims that the court should not have discounted testimony by "the witness who saw [D]etective Franklin forcefully lifting [P]laintiff's head without any reasonable cause," but Plaintiff misconstrues the court's

8

adjudication of the motion for summary judgment. (See Pl. Recons. Mot. at 5.) The court did not find for Defendants because Candace Desouza (Plaintiff's witness) did not communicate using sufficiently "specific terminology"; the court found for Defendants because Desouza's testimony did not actually support Plaintiff's claimed version of the events. (See M&O at 9-11.) The court additionally examined the testimony of Shamin McPhun (another witness to the lineup) and Joel Brettschneider (Plaintiff's attorney for lineup purposes) and concluded that there was nothing in the factual record to support Plaintiff's allegations of excessive force. (Id. at 10-11.) Plaintiff now points to the disciplinary records for Franklin and Divers, which he claims shows that they "are known to use excessive force against suspects." (Pl. Recons. Reply at 5.) Of the five relevant claims against Franklin, he was exonerated in two, and the NYPD found the other three to be unsubstantiated or unfounded. (Franklin Disciplinary Records (Dkt. 132-1 at ECF p.104) (under seal) at ECF p.107.) And Plaintiff only points the court to one relevant claim against Divers, for which the disposition is unknown. (Divers Disciplinary Records (Dkt. 132-1 at ECF p.149) (under seal) at ECF p.150.) Plaintiff argues that the question of whether excessive force was used against him "should be left for a jury to decide" (Pl. Recons. Mot. at 9), but the court is permitted to grant summary judgment when there is no genuine issue of fact left for trial, see Fed. R. Civ. P. 56(a). Plaintiff has presented no factual material to upset the court's prior conclusion that there is no genuine question of fact regarding his excessive force claim, so the court denies Plaintiff's motion for reconsideration on this ground.

For similar reasons, the court rejects Plaintiff's motion for reconsideration of the dismissal of his deliberate-indifference claim. In its previous opinion, the court denied this claim because Plaintiff had not established a sufficiently serious deprivation of adequate medical care. (M&O at 15-17.) While Plaintiff argued that his back problems were a "direct result" of the

9

alleged chokehold employed against him by Franklin, Plaintiff's claim fell short because he had not presented any evidence that his back injuries were connected to the injuries he allegedly sustained at the hands of the Individual Defendants on May 4, 2010. (M&O at 17.) That remains true. Plaintiff states in his motion that he was recently referred to Dr. John Galeno, an orthopedic specialist, who determined that Plaintiff has herniated discs. (Pl. Recons. Reply at 1; 2018 Medical Report (Dkt. 132-1 at ECF p.22); see Pl. Recons. Mot. at 3.) Plaintiff asserts that Dr. Galeno conducted an MRI on August 2, 2018, and that Plaintiff consulted with Dr. Galeno on September 28, 2018. (Pl. Recons. Mot. at 3.) The M&O was issued on October 12, 2018, more than two weeks after Plaintiff was put on notice of this new medical information. (See Defs. Recons. Mem. at 8.)

Even if the court had been made aware of these facts prior to issuance of the previous M&O, though, the outcome would have remained the same. Plaintiff states that if he had the MRI had been taken eight years ago it would have shown that he was "the victim of strangulation due to the use of the chokehold applied from [D]etective Franklin." (Pl. Recons. Reply at 1, 3.) But Plaintiff has not made any showing that this new medical information—obtained eight years after the injury he allegedly suffered on May 4, 2010—is causally related to that incident. Unlike in Ramirez v. Tatum, No. 17-CV-7701 (LGS), 2018 WL 6655600 (S.D.N.Y. Dec. 19, 2018), where the plaintiff repeatedly asked for immediate medical attention for his "extreme pain," id. at *1, there are no records from the time of the alleged injury to support Plaintiff's claim of harm.[3] (See M&O at 16.) The court also notes that Ramirez concerned a motion to dismiss; here, where discovery is complete and Defendants have moved

---

[3] The fact that the statute of limitations would have allowed Plaintiff to bring his deliberate-indifference claim in 2013 is irrelevant to whether his claim can survive summary judgment. (See Pl. Recons. Reply at 9.)

10

for summary judgment, Plaintiff must have presented evidence to support—or at least create a genuine dispute of material fact concerning—his claim. See Hicks v. Baines, 593 F.3d 159, 166 (2d Cir. 2010). Finally, while unheeded complaints of pain that end up stemming from a herniated disc can support a claim of deliberate indifference, such a claim could only succeed against corrections officers and medical providers who denied the plaintiff's continuous requests for treatment. Cf. Arriaga v. Gage, No. 16-CV-1628 (NSR), 2018 WL 1750320, at *6-7 (S.D.N.Y. Apr. 6, 2018). Without anything connecting Plaintiff's herniated disc in 2018 to the alleged injuries he suffered in 2010, his claim against the Individual Defendants cannot lie.

Plaintiff is correct that, on a motion for summary judgment, the court is required to construe evidence in the light most favorable to the non-moving party. (Pl. Recons. Mot. at 9-10; see M&O at 7 (citing SCW W. LLC v. Westport Ins. Corp., 856 F. Supp. 2d 514, 521 (E.D.N.Y. 2012).) The court did so and concluded that Plaintiff had not created a disputed issue of fact regarding his excessive-force claim, nor had he presented enough evidence to sustain a deliberate-indifference claim. (See M&O at 19.) Plaintiff has not introduced new evidence to alter those conclusions and so his motion for reconsideration is denied.

## III. CONCLUSION

For the foregoing reasons, the court GRANTS the City's motion for summary judgment (Dkt. 111) and DENIES Plaintiff's motion for reconsideration (Dkt. 127). The Clerk of Court is respectfully DIRECTED to enter judgment in favor of the City and close this case. The Clerk of Court is further respectfully DIRECTED to send a copy of this memorandum and order to pro se Plaintiff at his address of record by certified mail, return receipt requested.

SO ORDERED.

Dated: Brooklyn, New York
January __, 2019

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge